IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRIGITTE THOMAS**, as Administrator of the Estate of Bryan Penner,<br><br>Plaintiff,<br><br>v.<br><br>**DESCHUTES COUNTY**,<br><br>Defendant. | Case No. 6:19-cv-01781-IM<br><br>**ORDER DENYING DEFENDANT DESCHUTES COUNTY'S MOTION FOR JUDGMENT AS A MATTER OF LAW** |

**IMMERGUT, District Judge.**

     A jury trial on Plaintiff Brigitte Thomas's claim for wrongful death under Oregon law began on April 23, 2024. ECF 134. Plaintiff claimed that Kai Kitaji, while acting within the scope of his duties as a behavioral health specialist at the Deschutes County Adult Jail, failed to satisfy the applicable standard of care in conducting a suicide risk assessment and making recommendations to jail staff on the need to take suicide prevention measures regarding Plaintiff's son, who ultimately committed suicide while in the jail. At the close of Plaintiff's case-in-chief, Defendant Deschutes County moved under Federal Rule of Civil Procedure 50(a)

PAGE 1 – ORDER DENYING DEFENDANT DESCHUTES COUNTY'S MOTION FOR JUDGMENT AS A MATTER OF LAW

for judgment as a matter of law. ECF 135. This Court ordered briefing from both parties. *Id.*; *see* ECF 136; ECF 143.

As stated on the record, this Court denied Defendant's Motion. ECF 137. This Court concluded that under Oregon law expert testimony was necessary to establish the standard of care in this case, and that through her expert Plaintiff had presented some evidence from which a reasonable jury could infer a standard of care, even if the expert did not explicitly refer to the "standard of care." Accordingly, Plaintiff made the prima facie showing necessary for her negligence claim, and this Court DENIED Defendant's Rule 50(a) Motion. ECF 137. This Order provides further explanation of this Court's reasoning.

## LEGAL STANDARDS

A district court can grant a Rule 50(a) motion for judgment as a matter of law only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Krechman v. County of Riverside*, 723 F.3d 1104, 1109 (9th Cir. 2013) (citation omitted). "When deciding whether to grant a Rule 50(a) motion, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (alterations and internal quotation marks omitted) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## DISCUSSION

Defendant argues that Oregon law requires expert testimony to establish the standard of care applicable to Kitaji, and that Plaintiff failed to provide any evidence of the standard of care. ECF 143 at 1–4. Plaintiff responds that expert testimony was not required to establish the

standard of care,[1] ECF 136 at 3–6, and that even if it were, Plaintiff presented substantial evidence on the standard of care, *id.* at 6–9.

### A. Expert Testimony Is Required to Establish the Standard of Care in the Jail Suicide Context.

Under Oregon law, for "most medical malpractice cases, expert testimony is required to establish the standard of care." *Thorson v. Bend Mem'l Clinic*, 291 Or. App. 33, 36 (quoting *Trees v. Ordonez*, 354 Or. 197, 207 (2013)), *rev. denied*, 363 Or. 481 (2018). "The rationale behind that rule is that a layperson typically would not know what an 'ordinarily careful' [medical professional] would do under the circumstances." *Morris v. Dental Care Today, P.C.*, 306 Or. App. 259, 263 (2020), *rev. denied*, 367 Or. 668 (2021). "Testimony from an expert who is not a medical doctor may be sufficient to establish the standard of care [in a medical malpractice case], but on a motion for a directed verdict, the trial court must make that determination in each case, based on the particular expert's testimony and the particular specifications of negligence alleged by the plaintiff." *Trees*, 354 Or. at 212. "[E]xpert testimony is not required when the circumstances are such that it would be within the capacity of a lay juror to understand the issues without expert assistance . . . ." *Thorson*, 291 Or. App. at 36 (citation omitted). This case presents two areas which may be outside the scope of a lay juror's knowledge: suicide prevention and jail operations.

---

[1] On this point, Plaintiff also argues that the law of the case precludes this Court from requiring expert testimony on the standard of care in order to state a prima facie case. "Here, the law of the case doctrine is wholly inapposite. The doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

PAGE 3 – ORDER DENYING DEFENDANT DESCHUTES COUNTY'S MOTION FOR JUDGMENT AS A MATTER OF LAW

As to suicide prevention, this Court finds persuasive the reasoning of the Supreme Courts of Vermont and New Hampshire in holding that negligence cases involving suicide prevention will often require expert testimony to establish the standard of care. *See Bittner v. Centurion of Vermont, LLC*, 215 Vt. 475, 484 (2021) (explaining that expert testimony is often required in medical malpractice cases because "the human body and its treatment are extraordinarily complex subjects requiring a level of education, training and skill not generally within our common understanding," and that "[t]his is particularly true in cases involving suicide") (collecting cases); *Est. of Joshua T. v. State*, 150 N.H. 405, 408–09 (2003) ("Suicide is not easily explained or understood. Its causes, prevention, triggers and warning signs cannot be readily calculated. We conclude that the average person lacks the experience, training or education about the complexities of suicide to be able to assess whether a particular home environment and parenting style, as in this case, contributed to a troubled youth's self-inflicted death or whether the youth would have committed suicide even absent the challenged circumstances."). The reasoning in those cases is in line with Oregon's approach to determining if expert testimony is required to establish the standard of care. Here, this case presents issues beyond the knowledge and experience of a lay juror. Suicide as a mental health condition, and the steps that can and should be taken by a medical professional to assess and address suicide and suicidal ideation, call for the assistance of an expert.

As to jail operations, many states require expert testimony to establish the standard of care for operations of a correctional facility, including in jail suicide cases. *See Naki v. Hawaii*, No. CV-13-02189-PHX-JAT, 2015 WL 5954823, at *4 & n.3 (D. Ariz. Oct. 14, 2015) (collecting cases), *appeal dismissed sub nom.*, *Naki v. Corr. Corp. of Am.*, No. 15-16776, 2016 WL 11786297 (9th Cir. Mar. 21, 2016). In this case, the jury heard testimony about how adults

PAGE 4 – ORDER DENYING DEFENDANT DESCHUTES COUNTY'S MOTION FOR JUDGMENT AS A MATTER OF LAW

in custody are classified, how they are housed, how information about them is reported and shared amongst jail staff, and details about the restrictions on and specialized items that may be provided to someone placed on suicide precautions. While there are certainly some negligence cases involving jail operations that will not require expert testimony, this is not one of them.

**B. Plaintiff Presented Some Evidence of the Applicable Standard of Care.**

As explained above, expert testimony was required to establish the applicable standard of care, and Plaintiff presented some evidence through its expert, Eric Oswald. In its Rule 50(a) Motion, Defendant argues that Oswald failed to identify the applicable standard of care, and thus Plaintiff failed to establish a prima facie case of negligence under Oregon law.

This Court finds that a reasonable jury could infer from Oswald's testimony the applicable standard of care, even if Oswald failed to state explicitly that he was delineating that standard of care. At trial, Oswald testified about what conducting a suicide risk assessment requires, including the areas a professional must inquire into during a suicide risk assessment. In particular, Oswald testified that a prior suicide attempt is a warning sign, and that knowing the details about that prior suicide attempt is necessary in performing a risk assessment. Oswald confirmed that the requirements for a suicide risk assessment remain the same, regardless of whether the assessment occurs inside or outside a jail. A reasonable factfinder could construe Oswald's testimony as setting forth the opinion that failing to ask certain questions in a suicide risk assessment and failing to place someone with Bryan Penner's risk factors on suicide watch falls below the standard of care. *See Hager v. United States*, No. CV-20-02275-PHX-DWL, 2024 WL 728711, at *7 (D. Ariz. Feb. 22, 2024) ("The law doesn't require [an] expert to recite a specific incantation, but it does require the expert to at least opine as to the standard of care and that the nonparty's conduct fell below it." (citation omitted)).

PAGE 5 – ORDER DENYING DEFENDANT DESCHUTES COUNTY'S MOTION FOR JUDGMENT AS A MATTER OF LAW

To the extent Defendant argues that Oswald's expert testimony was inadequate, this Court notes that at no point before or during trial did Defendant challenge the admissibility of any of Oswald's opinions. And while Oswald lacked experience conducting suicide risk assessments in the correctional setting, he had conducted such assessments outside of that setting and had conducted other types of mental health assessments in the correctional setting. From this background, Oswald offered his professional opinion as to whether Kai Kitaji's conduct breached the standard of care. Any specific lack of experience goes to the weight of Oswald's testimony, *see Simms-Belaire v. Washington County*, Case No. 3:20-cv-338-SI, 2024 WL 279020, at *6 (D. Or. Jan. 25, 2024); *Ocampo v. Corizon, LLC*, Case No. 1:18-cv-00047-DCN, 2020 WL 6219790, at *7 (D. Idaho Oct. 21, 2020), *aff'd*, No. 20-35990, 2022 WL 229093 (9th Cir. Jan. 25, 2022); *Ball v. Kootenai County*, Case No. 2:14-cv-00246-EJL-CWD, 2016 WL 4974949, at *6 (D. Idaho Sept. 16, 2016), and this Court cannot weigh evidence in determining if Defendant is entitled to judgment as a matter of law. *See Krechman*, 723 F.3d at 1110 ("confirm[ing]" that, when assessing a Rule 50 motion, the court must take as true the testimony of the nonmoving party's expert witnesses).

## CONCLUSION

Plaintiff was required to present expert testimony to establish the standard of care that applied to someone in Kai Kitaji's position, and she did so through the expert testimony of Eric Oswald. Defendant has not shown that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff. For the reasons stated on the record and explained above, Defendant Deschutes County's FRCP 50 Motion for Judgment as a Matter of Law, ECF 143, is DENIED.

**IT IS SO ORDERED.**

DATED this 29th day of April, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – ORDER DENYING DEFENDANT DESCHUTES COUNTY'S MOTION FOR JUDGMENT AS A MATTER OF LAW